NANCY R. THOMAS (CA SBN 236185)
JAMES OLIVA (CA SBN 215440)
NThomas@mofo.com
JOliva@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Non-Party
NIPPON OIL (USA) LTD.

FILED
08 MAY -2 AM 10:02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVEN M. GREENBAUM, ALAN HAYMAN, and SHIRLEE HAYMAN,

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, et al.,

Defendant.

Case No. 2:08-CV-00740-GAF (SSx)

**NON-PARTY NIPPON OIL (USA) LTD.'S RESPONSE TO MOTION FOR ASSIGNMENT OF RIGHTS UNDER F.R.C.P. 69(a)(1) AND UNDER C.C.P. § 708.510(a)**

***[OIL COMPANIES]***

Date: May 18, 2008
Time: 9:30 a.m.
Courtroom: 740
Judge: Hon. Gary A. Feess

## I. INTRODUCTION

Non-party Nippon Oil (USA) Ltd. ("Nippon Oil (USA)") respectfully submits this response to Plaintiffs' Motion for Assignment of Rights Under F.R.C.P. 69(a)(1) and Under C.C.P. § 708.510(a) ***[Oil Companies]***, to call to the Court's attention certain issues raised by Plaintiffs' motion and, to the extent Plaintiffs' motion seeks a judicial order that goes beyond the scope permitted under the Foreign Sovereign Immunities Act and California's Enforcement of Judgments Law, to object thereto.

Plaintiffs obtained a judgment against the Islamic Republic of Iran and seek to enforce that judgment in this Court. To that end, Plaintiffs filed the present motion, apparently seeking an order directing the judgment debtor to assign to Plaintiffs various debts allegedly owed to the judgment debtor by certain oil companies. A copy of that motion was sent by first class mail to Nippon Oil (USA). Plaintiffs' purpose in doing so is not entirely clear, since (a) Plaintiffs have not provided the court with any evidence that Nippon Oil (USA) owes any debts to Iran or to its state-owned oil companies (and counsel's investigations to date have revealed none), and (b) the provisions of California law on which Plaintiffs rely only permit relief against the judgment debtor itself, not against a non-party such as Nippon Oil (USA). *See* Cal. Civ. Proc. Code § 708.510(a).

Nippon Oil (USA) has no objection to Plaintiffs obtaining any relief against the judgment debtor to which they are legitimately entitled under federal and California law. However, certain passages in Plaintiffs' motion papers suggest that they are asking this Court to issue an order binding Nippon Oil (USA) and other non-parties. (Pltfs.' Mot. at 9:7-12.) To the extent that the Plaintiffs do in fact seek such an order, and in the event the Court intends to consider their request, Nippon Oil (USA) respectfully requests that it be given an opportunity to make a further

submission to contest the suggestion that Nippon Oil (USA) has any assets that would be subject to an assignment order such as Plaintiffs seek.[1]

## II. ARGUMENT

### A. An Assignment Order Under California Law Can Be Made Only Against a Judgment Debtor For Assets Located In The U.S.

Section 708.510(a) does not authorize an order binding anyone other than the judgment debtor. It provides that the court may "order the **judgment debtor** to assign to the **judgment creditor** . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments[.]" Cal. Civ. Proc. Code § 708.510(a) (emphasis added). This unambiguous language makes clear that, while this provision allows a court to assign a right to payment from a judgment debtor to a judgment creditor, *see Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, No. C 03-4792 MMC (MEJ), 2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006), the statute does **not** permit the court simultaneously to order a non-party to pay the judgment creditor directly.

Related California Civil Procedure provisions further underscore the limited nature of an order under section 708.510(a):

- Section 708.520(a) provides that a court may issue an order "restraining the **judgment debtor** from assigning or otherwise disposing of the right to payment that is sought to be assigned." Cal. Civ. Proc. Code § 708.520(a) (emphasis added);
- Section 708.550 provides that the **judgment debtor** alone may make a claim of exemption to be heard at the hearing on the issuance of an assignment order. Cal. Civ. Proc. Code § 708.550;

---

[1] Similarly, in the event that Plaintiffs raise any claims against Nippon Oil (USA) based on its affiliation with Nippon Oil Corporation, Nippon Oil (USA) respectfully reserves the right to raise all appropriate defenses.

- Section 708.560(a) provides that only the **judgment debtor or creditor** may apply to the court for an order to modify or set aside the assignment order. Cal. Civ. Proc. Code § 708.560(a).

There is no mention in any of these provisions regarding a third party obligor or a court's authority to issue an order against a non-party.

Indeed, only section 708.540 refers to an obligor. That provision states that "[t]he rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor." (Emphasis added.) Thus, the relief Plaintiffs seek cannot bind Nippon Oil (USA) and instead may bind only the judgment debtor.

Plaintiffs' motion does not make clear the extent of their request. They argue that "[t]he purpose of the assignment order is to direct that these entities (the Oil Companies) pay Plaintiffs, rather than paying Iran." (Pltfs.' Mot. at 9:7-12.) Their motion also claims to anticipate objections that the requested order will disrupt the non-parties' business operations. (*Id.*) In the event that Plaintiffs are asking the Court to issue an order specifically against non-parties to pay any accounts payables directly to Plaintiffs, such an order would exceed the scope authorized under California law. A court may issue an assignment order only against a judgment debtor, Cal. Civ. Proc. Code § 708.510(a), and any attempt to expand the order beyond the scope permitted by California law should be rejected.

Nippon Oil (USA) wishes to call another, related issue to the Court's attention. Under the Foreign Sovereign Immunities Act ("FSIA"), where a claimant seeks to attach or enforce against the property of a foreign state, only "property in the United States" is subject to attachment, and then only under enumerated circumstances. 28 U.S.C. § 1610(a). As a result, where, as here, the judgment debtor is subject to the FSIA, Plaintiffs may seek an assignment order under section 708.510(a) only as to specific assets located in the United States. *See Philippine Exp. & Foreign Loan Guar. Corp. v. Chuidian*, 218 Cal. App. 3d 1058,

1092-1100 (1990) (modifying assignment order issued against foreign sovereign judgment debtor under section 708.510(a) to exclude identified assets located outside the U.S.); *Quaestor Invs., Inc. v. State of Chiapas*, Case No. CV-95-6723 JGD (AJWx), 1997 U.S. Dist. LEXIS 24271, at *17-*19 (C.D. Cal. Aug. 27, 1997) (denying motion for assignment order where judgment creditor had failed to identify assignable assets located within the U.S.). Nippon Oil (USA) respectfully submits that, in light of the fact that Plaintiffs have not publicly identified any assets against which they seek enforcement, the Court should be hesitant to afford any relief unless it is entirely clear that the limitations imposed under the FSIA are respected.[2]

**B. Nippon Oil (USA) Should Be Afforded An Opportunity To Be Heard If Plaintiffs Seek An Order Binding It Directly.**

In addition to seeking an order beyond the permissible reach of Section 708.510(a), to the extent that Plaintiffs seek entry of any such order against non-parties such as Nippon Oil (USA) in the present proceeding, such a request is

---

[2] Nippon Oil (USA) notes in this connection that, although Plaintiffs purport to seek relief pursuant to the newly-enacted Section 1605A of the FSIA, it is not clear that they are entitled to any relief under that statute. For clarity, Nippon Oil (USA) notes initially that the statutory language quoted by Plaintiffs and referred to as "28 U.S.C. § 1605A(g)" is, in fact, 28 U.S.C. § 1610(g). (*See* Pltfs.' Mot. at 2:5-2:18.) That provision – which narrows the protections of sovereign immunity in some circumstances – clearly states that it *only* applies to judgments issued under 28 U.S.C. Section 1605A — a statute that was enacted nearly 18 months *after* Plaintiffs obtained the judgment they seek to enforce. *See* 28 U.S.C. § 1610(g). Moreover, while the statute enacting 28 U.S.C. Section 1605A specifies procedures whereby certain pre-enactment judgment creditors could move to have their judgment deemed to be issued under Section 1605A (*see* National Defense Authorization Act for Fiscal Year 2008, enacted Jan. 28, 2008, Pub. L. No. 110-181, Div A, Title X, Subtitle F, § 1083(c), 122 Stat. 342, available on Lexis following text of 28 U.S.C. § 1605A), Plaintiffs have made no showing that they have complied with such procedures. While Plaintiffs might ultimately be able to show that Section 1605A applies, that is not apparent on the present record.

manifestly improper. First, Plaintiffs should not be permitted to evade their obligation of providing timely and proper notice, if they wish any assignment order to have binding effect against a non-party. As mentioned above, an obligor's rights are not affected by an assignment order until notice of the order is received. Cal. Civ. Proc. Code § 708.540. While this statute does not elaborate as to what constitutes notice, the accompanying Law Revision Commission Comments state that this provision is analogous to provisions governing the effect of an execution levy, which mandate that the officer levying on accounts receivables must "personally serve a copy of the writ of execution and a notice of levy on [the] third person." Cal. Civ. Proc. Code § 700.170(b) (emphasis added).

Here, Plaintiffs simply sent Nippon Oil (USA) a copy of its motion papers by mail. (Dkt. No. 26-11 at 3; Dkt No. 28-3 at 3.) Without more, mere service by mail does not constitute personal service under California law. *Cf.* Cal. Civ. Proc. Code § 415.10 *et seq.* Thus, Plaintiffs have not properly brought Nippon Oil (USA) before this Court for any purpose.[3]

Second, whatever right Plaintiffs may have to request an assignment of debts owed to Iran, they have not actually identified any obligations that Nippon Oil (USA) might owe to the judgment debtor or its state-owned oil companies. Nor is counsel aware of any at this time. Even if any such obligation existed, Plaintiffs would, at best, take over whatever rights the judgment debtor had – subject, necessarily, to any claims and defenses that might have been asserted against the judgment debtor. Accordingly, even if Plaintiffs had identified any obligations of Nippon Oil (USA) that might arguably be subject to assignment – and they have

---

[3] Nippon Oil (USA) understands as well that Plaintiffs merely sent a copy of the present motion papers to non-party Nippon Oil Corporation by mail. Nippon Oil Corporation is a Japanese corporation based in Tokyo and, therefore, any attempt by Plaintiffs to effectuate service by mail would be improper in this case. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

not — any attempt by Plaintiffs to obtain an order running against Nippon Oil (USA) itself would be premature.

Thus, in the event that Plaintiffs ask the Court to issue any orders against the non-parties named in Plaintiffs' motion, Nippon Oil (USA) respectfully requests that it be given notice thereof and the opportunity to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2).

**C. Plaintiffs Are Not Entitled To Any Relief Against Nippon Oil (USA) Under Their Separate Motion Against Royal Dutch Shell.**

Plaintiffs have filed a separate motion related to "Royal Dutch Shell (The Netherlands)." While that motion, as originally filed, appeared to seek an assignment of the judgment debtor's rights (if any) against "Royal Dutch Shell (The Netherlands)," recently filed amended motion papers suggest that Plaintiffs may also be seeking an order against other non-party oil companies as part of the same motion. (*See* Dkt. No. 27-2 at 2:2-5 (stating motion "reaches all monies due ***by the Oil Companies*** and their subsidiaries, subdivisions, divisions, affiliates, successors, nominees, agents, assigns, corporate parents, and related entities doing business under their names") (emphasis added).) While Nippon Oil (USA) believes the above language may have been added in error, if Plaintiffs actually intend what the language itself suggests, any such relief would plainly fall outside the scope of what is permitted under Cal. Civ. Proc. Code § 708.510(a), and should be denied.

Dated: April 30, 2008

NANCY R. THOMAS
JAMES OLIVA
MORRISON & FOERSTER LLP

By: [signature]
Nancy R. Thomas

Attorneys for Non-Party
NIPPON OIL (USA) LTD.

**PROOF OF SERVICE**
(FRCivP 5(b))

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Morrison & Foerster LLP, 555 West Fifth Street, Suite 3500, Los Angeles, California 90013-1024. On April 30, 2008 I served the within document:

**NON-PARTY NIPPON OIL (USA) LTD.'S RESPONSE TO MOTION FOR ASSIGNMENT OF RIGHTS UNDER F.R.C.P. 69(a)(1) AND UNDER C.C.P. § 708.510(a)**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 555 West Fifth Street, Los Angeles, California 90013-1024 in accordance with Morrison & Foerster LLP's ordinary business practices. I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☐ **BY TELEFACSIMILE** on the interested parties in this action by transmitting via facsimile from Morrison & Foerster's facsimile transmission telephone number a true copy thereof to a facsimile machine maintained by the person or persons indicated at the facsimile number(s) as last given by that person or persons on any document which he or she has filed in the cause and served on Morrison & Foerster. Said transmission was reported as complete. (CCP §§1013(e), 2015.5.)

**SEE ATTACHED SERVICE LIST**

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 30, 2008 at Los Angeles, California.

Alicia C. Vargas

## SERVICE LIST

**STEVEN M. GREENBAUM, et al. v. ISLAMIC REPUBLIC OF IRAN, et al.**

David J. Cook
Cook Collection Attorneys
333 Pine Street, Suite 300
San Francisco, CA 94104-3381

Islamic Republic of Iran
acting through its
Ministry of Defense and Support for Armed Forces No. 1
Shahid Kaboli Street
Beginning of Resalat Highway
Seyyed Khandan Bridge
P.O. Box 16765-1479
Tehran, Iran
Attn: Responsible Officer

Islamic Republic of Iran
Pasadaran Avenue
Golestan Yekom
Teheran, Iran
Attn: Responsible Officer

Islamic Republic of Iran
Khomeini Avenue
United Nations Street
Teheran, Iran
Attn: Responsible Officer

Ileana M. Blanco
Christina E. Ponig
Bracewell & Giuliani LLP
South Tower Pennzoil Place
711 Louisiana Street
Suite 2300
Houston, TX 77002-2770

**SERVICE LIST CONT.**

**STEVEN M. GREENBAUM, et al. v. ISLAMIC REPUBLIC OF IRAN, et al.**

Jeffrey S. Buchholtz
(Acting) Assistant Attorney General
Thomas P. O'Brien
United States Attorney
Joseph H. Hunt
Director, Federal Programs Branch
Vincent M. Garvey
Deputy Director, Federal Programs Branch
Hannah Y.S. Chanoine
Trial Attorney, Federal Programs Branch
20 Massachusetts Avenue NW, 7340 (Courier)
P.O. Box 883
Washington, D.C. 20530