1    NANCY R. THOMAS (CA SBN 236185)
     JAMES OLIVA (CA SBN 215440)
2    NThomas@mofo.com
     JOliva@mofo.com
3    MORRISON & FOERSTER LLP
     555 West Fifth Street
4    Los Angeles, California  90013-1024
     Telephone: 213.892.5200
5    Facsimile: 213.892.5454

6    Attorneys for Non-Party
     NIPPON OIL (U.S.A.) LTD.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11    STEVEN M. GREENBAUM, ALAN
     HAYMAN, and SHIRLEE
12    HAYMAN,

13               Plaintiffs,

14        v.

15    ISLAMIC REPUBLIC OF IRAN, et
     al.,
16

17              Defendant.

**CASE NO. 2:08-CV-00740-GAF (SSX)**

**RESPONSE TO JUDGMENT CREDITORS' NEWLY SUBMITTED PROPOSED ORDER AND NOTICE OF NEW AUTHORITY**

**MOTION FOR ASSIGNMENT OF RIGHTS UNDER F.R.C.P. 69(a)(1) AND UNDER C.C.P. § 708.510(a)**

*[OIL COMPANIES]*

18

19

20

21

22

23

24

25

26

27

28

la-985115

1        Non-Party Nippon Oil (USA) Ltd. submits this response to highlight

2   significant deficiencies in the proposed order lodged by the judgment creditors after

3   the June 30, 2008 hearing on their Motion for Assignment of Rights Under F.R.C.P.

4   69(a)(1) and Under C.C.P. § 708.510(a) *[Oil Companies]*, and to submit for the

5   Court's consideration new authority that issued on July 2, 2008, which is directly

6   pertinent to the Court's determination of the Motion.

7        As an initial matter, Nippon Oil (USA) respectfully submits that the Court

8   should adopt its tentative ruling and deny the judgment creditor's motion outright

9   because the judgment creditors have failed to identify any assets that may be

10  assignable.  As a result of that failure, this Court is unable to determine whether the

11  assets that judgment creditors seek to reach are subject to assignment under section

12  708.510(a) — which, under controlling California decisions, only applies to assets

13  located within the United States.  *See Philippine Exp. & Foreign Loan Guar. Corp.*

14  *v. Chuidian*, 218 Cal. App. 3d 1058, 1092-1100 (1990).  More fundamentally, the

15  failure to identify any specific assets prevents this Court from determining whether

16  it has subject matter jurisdiction, because (i) the Foreign Sovereign Immunities Act

17  only provides such jurisdiction for enforcement purposes where an exception to

18  sovereign immunity applies, and (ii) section 1610 of that Act only creates

19  exceptions to immunity for assets located within the United States.  *See* 28 U.S.C.

20  § 1610.  Absent a clear basis to conclude that there is jurisdictional and statutory

21  authority to grant relief, this Court should refrain from issuing any assignment

22  order.  (Response, Dkt. No. 61 at 3:21-4:10.)

23       Moreover, California law provides that the assignment order can bind only

24  the judgment debtor.  (*Id.* at 2:6-3:20).  In this regard, Nippon Oil (USA) submits a

25  Report and Recommendation issued on July 2, 2008 in *Peterson v. Islamic Republic*

26  *of Iran*, an identical proceeding filed by counsel for the judgment creditors in this

27  action on behalf of judgment creditors holding an unrelated judgment against Iran.

28  (Report and Recommendation, Case No. 3:08-mc-80030-JSW (BZ), (N.D. Cal. July

1

la-985115

1   2, 2008).)  In *Peterson*, the judgment creditors moved for a substantially identical

2   assignment order as to any assets of the Islamic Republic of Iran held by

3   international financial institutions.  Judge Zimmerman[1] recommended denial of the

4   motion for assignment because it sought orders "which circumvent the statute by

5   declaring that the assignment has occurred, even though the judgment debtor [the

6   Islamic Republic of Iran] was not ordered to and did not assign anything."  (Report

7   and Recommendation, Ex. A at 2.)  The court rejected the judgment creditors'

8   attempt to obtain a "virtual assignment."  (*Id.*)

9       Here too, the judgment creditors seek a "virtual assignment" deeming

10  unidentified assets in the hands of non-parties to have been assigned to the

11  judgment creditors.  As Judge Zimmerman concluded, such a "virtual assignment"

12  is not authorized by applicable California law.  Accordingly, the judgment

13  creditors' motion should be denied.

14      Alternatively, in the event the Court is considering issuing any order, Nippon

15  Oil (USA) submits that the judgment creditors' June 30, 2008 proposed order is

16  deficient in several respects.  First, the proposed order continues to identify and

17  order assignment of unidentified assets from non-parties despite the language in

18  section 708.510(a) limiting the reach of this provision to the judgment debtor.

19  (Response, Dkt. No. 61 at 2:6-3:20.)

20      Second, although the proposed order does state that all defenses of the named

21  non-parties are preserved, it fails to clarify that the Court:

22      a) has not determined, as to any specific asset (because none has been

23  identified) that it is subject to any exception to sovereign immunity under section

24  1610 of the Foreign Sovereign Immunities Act or otherwise, or that the Court has

25  subject matter jurisdiction with respect to any such assets (*see id.* at 3:21-4:10); and

26

27      [1] The motion in the *Peterson* proceeding was referred to the Hon. Bernard
     Zimmerman for Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(1).

28

2

la-985115

1    b) has not determined that any specific asset exists or that any specific asset

2    is assignable.

3    Further, the proposed order fails to specify that any assignment is not

4    effective until the non-party has received proper notice as required by the statute.

5    (*See id.* at 4:13-5:15.)

6    Third, the proposed order should specifically identify the Islamic Republic of

7    Iran and its Ministry of Information and Security as the only entities against whom

8    the order runs.  (Findings of Fact and Conclusions of Law and Judgment attached

9    as Exs. A and B to Declaration of David J. Cook, Esq. in Support of Motion for

10   Assignment of Rights, Restraining Order, and Turnover Order (Dkt. Nos. 10-2 and

11   10-3).)  By identifying the judgment debtors only as "Islamic Republic of Iran, et

12   al." in their proposed order, the judgment creditors create ambiguity in light of their

13   pending *Ex Parte* Applications to Amend Writ of Execution (Dkt. Nos. 37 and 38),

14   by which they ask the court to amend the judgment to name as additional judgment

15   debtors numerous instrumentalities and agencies of the government of Iran.  The

16   Court has not yet ruled on these *Ex Parte* Applications, and Judge Zimmerman

17   recommended denial of identical applications filed in the *Peterson* action as well as

18   the parallel *Greenbaum* action pending in the Northern District of California.  (*See*

19   Notice of New Authority filed June 16, 2008 (Dkt. No. 69).)

20   Finally, as to judgment creditors' proposed order regarding their Motion for

21   Assignment of Rights Under F.R.C.P. 69(a)(1) and Under C.C.P. § 708.510(a)

22   *[Oil]*, which pertains to Royal Dutch Shell, Nippon Oil (USA) objects on grounds

23   that any reference to Nippon Oil (USA) or its counsel in that order is inappropriate

24   ///

25   ///

26   ///

27   ///

28   ///

3

1  as that motion has nothing to do with Nippon Oil (USA), and the undersigned do

2  not speak for any party or non-party with an interest in that motion or order.

3       Respectfully submitted,

4  Dated:    July 7, 2008                    NANCY R. THOMAS
                                            JAMES OLIVA
5                                           MORRISON & FOERSTER LLP

6

7                                           By:   /s/ James Oliva
                                                  James Oliva
8
                                                  Attorneys for Non-Party
9                                                 NIPPON OIL (U.S.A.) LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

la-985115