NANCY R. THOMAS (CA SBN 236185)
JAMES OLIVA (CA SBN 215440)
NThomas@mofo.com
JOliva@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Non-Party
NIPPON OIL (U.S.A.) LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GREENBAUM, ALAN HAYMAN, and SHIRLEE HAYMAN,<br><br>            Plaintiffs,<br><br>     v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>            Defendant. | **CASE NO. 2:08-CV-00740-GAF (SSX)**<br><br>**AMENDED RESPONSE TO JUDGMENT CREDITORS' NEWLY SUBMITTED PROPOSED ORDER AND NOTICE OF NEW AUTHORITY**<br><br>**MOTION FOR ASSIGNMENT OF RIGHTS UNDER F.R.C.P. 69(a)(1) AND UNDER C.C.P. § 708.510(a)**<br><br>*[OIL COMPANIES]* |

la-985115

Non-Party Nippon Oil (USA) Ltd. submits this response to highlight significant deficiencies in the proposed order lodged by the judgment creditors after the June 30, 2008 hearing on their Motion for Assignment of Rights Under F.R.C.P. 69(a)(1) and Under C.C.P. § 708.510(a) *[Oil Companies]*, and to submit for the Court's consideration new authority that issued on July 2, 2008, which is directly pertinent to the Court's determination of the Motion.

As an initial matter, Nippon Oil (USA) respectfully submits that the Court should adopt its tentative ruling and deny the judgment creditor's motion outright because the judgment creditors have failed to identify any assets that may be assignable. As a result of that failure, this Court is unable to determine whether the assets that judgment creditors seek to reach are subject to assignment under section 708.510(a) — which, under controlling California decisions, only applies to assets located within the United States. *See Philippine Exp. & Foreign Loan Guar. Corp. v. Chuidian*, 218 Cal. App. 3d 1058, 1092-1100 (1990). More fundamentally, the failure to identify any specific assets prevents this Court from determining whether it has subject matter jurisdiction, because (i) the Foreign Sovereign Immunities Act only provides such jurisdiction for enforcement purposes where an exception to sovereign immunity applies, and (ii) section 1610 of that Act only creates exceptions to immunity for assets located within the United States. *See* 28 U.S.C. § 1610. Absent a clear basis to conclude that there is jurisdictional and statutory authority to grant relief, this Court should refrain from issuing any assignment order. (Response, Dkt. No. 61 at 3:21-4:10.)

Moreover, California law provides that the assignment order can bind only the judgment debtor. (*Id.* at 2:6-3:20). In this regard, Nippon Oil (USA) submits a Report and Recommendation issued on July 2, 2008 in *Peterson v. Islamic Republic of Iran*, an identical proceeding filed by counsel for the judgment creditors in this action on behalf of judgment creditors holding an unrelated judgment against Iran. (Report and Recommendation, Case No. 3:08-mc-80030-JSW (BZ), (N.D. Cal. July

1

la-985115

2, 2008).)  In *Peterson*, the judgment creditors moved for a substantially identical assignment order as to any assets of the Islamic Republic of Iran held by international financial institutions.  Judge Zimmerman[1] recommended denial of the motion for assignment because it sought orders "which circumvent the statute by declaring that the assignment has occurred, even though the judgment debtor [the Islamic Republic of Iran] was not ordered to and did not assign anything."  (Report and Recommendation, Ex. A at 2.)  The court rejected the judgment creditors' attempt to obtain a "virtual assignment."  (*Id.*)

Here too, the judgment creditors seek a "virtual assignment" deeming unidentified assets in the hands of non-parties to have been assigned to the judgment creditors.  As Judge Zimmerman concluded, such a "virtual assignment" is not authorized by applicable California law.  Accordingly, the judgment creditors' motion should be denied.

Alternatively, in the event the Court is considering issuing any order, Nippon Oil (USA) submits that the judgment creditors' June 30, 2008 proposed order is deficient in several respects.  First, the proposed order continues to identify and order assignment of unidentified assets from non-parties despite the language in section 708.510(a) limiting the reach of this provision to the judgment debtor. (Response, Dkt. No. 61 at 2:6-3:20.)

Second, although the proposed order does state that all defenses of the named non-parties are preserved, it fails to clarify that the Court:

a) has not determined, as to any specific asset (because none has been identified) that it is subject to any exception to sovereign immunity under section 1610 of the Foreign Sovereign Immunities Act or otherwise, or that the Court has subject matter jurisdiction with respect to any such assets (*see id.* at 3:21-4:10); and

---

[1] The motion in the *Peterson* proceeding was referred to the Hon. Bernard Zimmerman for Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(1).

1  b) has not determined that any specific asset exists or that any specific asset
2  is assignable.
3  Further, the proposed order fails to specify that any assignment is not
4  effective until the non-party has received proper notice as required by the statute.
5  (*See id.* at 4:13-5:15.)
6  Third, the proposed order should specifically identify the Islamic Republic of
7  Iran and its Ministry of Information and Security as the only entities against whom
8  the order runs.  (Findings of Fact and Conclusions of Law and Judgment attached
9  as Exs. A and B to Declaration of David J. Cook, Esq. in Support of Motion for
10  Assignment of Rights, Restraining Order, and Turnover Order (Dkt. Nos. 10-2 and
11  10-3).)  By identifying the judgment debtors only as "Islamic Republic of Iran, et
12  al." in their proposed order, the judgment creditors create ambiguity in light of their
13  pending *Ex Parte* Applications to Amend Writ of Execution (Dkt. Nos. 37 and 38),
14  by which they ask the court to amend the judgment to name as additional judgment
15  debtors numerous instrumentalities and agencies of the government of Iran.  The
16  Court has not yet ruled on these *Ex Parte* Applications, and Judge Zimmerman
17  recommended denial of identical applications filed in the *Peterson* action as well as
18  the parallel *Greenbaum* action pending in the Northern District of California.  (*See*
19  Notice of New Authority filed June 16, 2008 (Dkt. No. 69).)
20  Finally, as to judgment creditors' proposed order regarding their Motion for
21  Assignment of Rights Under F.R.C.P. 69(a)(1) and Under C.C.P. § 708.510(a)
22  *[Oil]*, which pertains to Royal Dutch Shell, Nippon Oil (USA) objects on grounds
23  that any reference to Nippon Oil (USA) or its counsel in that order is inappropriate
24  ///
25  ///
26  ///
27  ///
28  ///

3

la-985115

1 | as that motion has nothing to do with Nippon Oil (USA), and the undersigned do
2 | not speak for any party or non-party with an interest in that motion or order.
3 |     Respectfully submitted,
4 | Dated:    July 7, 2008            NANCY R. THOMAS
                                              JAMES OLIVA
5 |                                               MORRISON & FOERSTER LLP

By:   /s/ James Oliva
        James Oliva

Attorneys for Non-Party
NIPPON OIL (U.S.A.) LTD.

4

la-985115