**LINKS: 5, 28**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GREENBAUM, ALAN HAYMAN, and SHIRLEE HAYMAN, | Case No. CV 08-0740 GAF (SSx) |
| Plaintiffs, | **MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR ASSIGNMENT OF RIGHTS AS TO CERTAIN OIL COMPANIES** |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, et al. | |
| Defendants. | |

**I.**

**INTRODUCTION**

In <u>Greenbaum v. Islamic Republic of Iran</u>, 451 F. Supp. 2d 90 (D.D.C. 2006) ("<u>Greenbaum I</u>"), plaintiff family members obtained a default judgment award of over $19 million against the Islamic Republic of Iran for a terrorist bombing at a Jerusalem restaurant that was allegedly carried out by Hamas, funded by Iran, and killed American citizen, Judith Greenbaum.  Pursuant to Rule 69 of the Federal Rules of Civil Procedure, which pertains to executing money judgments, Plaintiffs filed an action in this Court in an attempt to satisfy the D.C. district court judgment.  The Court is now presented with six motions filed by Plaintiffs.  This order pertains to two of

1   those motions, where Plaintiffs seek an assignment of rights from Iran for money

2   allegedly due Iran from certain oil companies.  (Docket No. 5 ["Shell Oil Motion"];

3   Docket No. 28 ["Assorted Oil Companies Motion"] (collectively, "Oil Company

4   Motions").)  For the reasons discussed in greater detail below, namely, because the

5   Court concludes that the requested relief is provided for under the relevant California

6   statutes, Plaintiffs' Oil Company Motions are **GRANTED**.

7                                          **II.**

8                                    **DISCUSSION**

9            A threshold question presented by these two motions is whether Plaintiffs, as

10  judgment creditors, are required at this stage to prove that these third party oil

11  companies are obligors to the judgment debtor, Iran.  The Court concludes that under

12  the relevant California statutory authority, Plaintiffs are not required to make such a

13  showing given that: (1) an assignment order does not preclude later challenges to

14  whether the claims were assignable in the first instance since California Code of Civil

15  Procedure § 708.510 ("Section 708.510") does not make any property assignable that

16  is not already assignable; (2) an obligor need not even have notice of a motion for an

17  assignment of rights; and (3) an obligor's rights are not affected until he receives

18  notice of the order after it is issued.  Accordingly, while the Court expressed

19  skepticism at oral argument whether these assignment orders should be granted, the

20  Court concludes that such relief is warranted and that merits-based determinations

21  (as to third party's alleged obligor status, among other things) are premature at this

22  stage.  The relevant California statutes and case law support the conclusion that the

23  granting of an assignment order is, essentially, a placeholder for a judgment creditor,

24  and that when the judgment creditor seeks to actually enforce his rights against an

25  obligor, an obligor may then raise any relevant defenses against such enforcement.

26  Such an order imposes no duty or obligation on the part of any purported third party

27  obligor.  Thus, in reaching its decision, the Court makes no finding and offers no

28

                                            2

opinion as to whether any oil company owes any debt of any sort to the Islamic

Republic of Iran.  The relevant authority is discussed in greater detail below.

**A.  The Legal Standard**

Federal Rule of Civil Procedure 69 [Execution] provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.[1]

Fed. R. Civ. P. 69(a).  California Code of Civil Procedure § 708.510 is the relevant

state law articulating the requirements for obtaining an assignment of rights.  It

provides, in relevant part:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the ***judgment debtor*** to assign to the judgment creditor or to a receiver appointed pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or to become due, ***whether or not the right is conditioned on future developments***, including but not limited to the following types of payments:
>
> > (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order.
> > (2) Rents.
> > (3) Commissions.
> > (4) Royalties.
> > (5) Payments due from a patent or copyright.
> > (6) Insurance policy loan value . . . .

(Emphasis added).  The Legislative Committee Comments (1982 addition) to Section

708.510 further provide that "[t]his section does not make any property assignable that

is not already assignable."

An assignment order "is a court order assigning the judgment creditor or a

receiver the [judgment] debtor's right to payments due from a third person [obligor]."

Judge Alan Ahart, <u>California Practice Guide: Enforcing Judgments and Debts</u>,

---

[1] In this case, California law provides the "procedure of the state where the court is located" under Rule 69(a).  <u>See</u> <u>Hilao v. Estate of Marcos</u>, 95 F.3d 848, 851 (9th Cir.1996) (in action where plaintiffs obtained a judgment in Hawaii and registered that judgment in the Central District of California, Rule 69(a) provided for application of California, not Hawaii, law).

3

1   ("Ahart") Ch. 6G-5 § 6:1422.5 (2008).  Under the statute, which contains a non-

2   exhaustive list of relevant factors for consideration, Cal. Code Civ. P. § 708.510(c),

3   the court has broad discretion in determining whether to order an assignment.  Ahart,

4   § 6:1440.

5          Notice of the motion for assignment of rights is only required to be given to the

6   judgment *debtor* (here, Iran), Cal. Code Civ. P. § 708.510(b), and the statute provides

7   procedures for a judgment debtor to claim that all of, or part of, a right to payment is

8   exempt from enforcement.  See Cal. Code Civ. P. § 708.550(a);

9   § 703.520.[2]

10          An obligor only comes into the picture should an assignment order actually be

11   issued.  Section 708.540 provides, in full:

12          The rights of an obligor are not affected by an order assigning the right to
            payment until notice of the order is received by the obligor.  For the purpose of
13          this section, "obligor" means the person who is obligated to make payments to
            the judgment debtor or who may become obligated to make payments to the
14          judgment debtor depending upon future developments.

15   Cal. Code Civ. P. § 708.540; see also Ahart, § 6:1449.

16          The Law Revision Commission Comments (1982 addition) to Section 708.540

17   further provide that "Section 708.540 makes clear that the person obligated to make

18   payments to the judgment debtor or who will become obligated is not affected by the

19   assignment order until notice of the order is received."

20   **B.  THE OIL COMPANY MOTIONS**

21          **1.  SHELL OIL MOTION**

22          In their Shell Oil Motion (Docket No. 5), Plaintiffs seek "an order assigning to

23   Plaintiffs the following: Any and all rights to payment of money, accounts, accounts

24   receivable, contract rights, which arise from, directly or indirectly, the sale of oil,

25   petroleum products, natural gas, petroleum and natural gas byproducts, in which

26   _____

27   [2]Here, Iran was served with these assignment motions at three different addresses in Tehran,
    thereby satisfying this notice requirement.  (See Amended Proof of Service.)

28

these products, and each of the same, are sold to Royal Dutch Shell (The Netherlands)."  (First Amended Notice of Shell Oil Mot. at 1-2.)

### 2. ASSORTED OIL COMPANIES MOTION

In their Assorted Oil Companies Motion (Docket No. 28), Plaintiffs assert that "Iran has in its favor oil revenues consisting of Accounts due from the following oil companies: 1) Total S.A. [France]; 2) Sinopec [China]; 3) Nippon Oil Company [Japan]; 4) Repsol, S.A. [Spain]; and 5) ENI S.p.A. [country not stated]" and that an assignment order should be issued reaching "all monies due by the [above listed] [o]il [c]ompanies and their subsidiaries, subdivisions, divisions, affiliates, successors, nominees, agents, assigns, corporate parents, and related entities doing business under their names."  (Amended Mot. for Assorted Oil Companies at 2.)

### C. ANALYSIS

Section 708.510 itself provides that a court may order "the judgment debtor [Iran] to assign to the judgment creditor [Plaintiffs] . . .  all or part of a right to payment due *or to become due, whether or not the right is conditioned on future developments*."  (Emphasis added.)  The plain language of the statute accordingly contemplates that an assignment order can be based on contingent rights.

Moreover, an assignment order issued pursuant to Section 708.510 "does not make any property assignable that is not already assignable" and accordingly, does not preclude an obligor from later challenging whether the judgment debtor's claims were assignable in the first instance.  Kracht v. Perrin, Gartland & Doyle, 219 Cal. App. 3d 1019, 1021 n.1 (Ct. App. 1990) ("The fact that [assets] were ordered assigned under . . . [S]ection 708.510 does not preclude a challenge to whether the claims were assignable ab initio, because the Legislature specifically noted that [S]ection 708.510 does not make any property assignable that is not already assignable.") (internal citations and quotation marks omitted).

1    The Court finds it perhaps most telling that the motion for an assignment of

2    rights need only be served on the judgment debtor and ***not on the obligor***.  Cal.

3    Code Civ. P. § 708.510(b).  This appears to be on the grounds that an obligor's

4    obligations are not being expanded by an assignment order.  Indeed, Section 709.540

5    expressly provides that "[t]he rights of the obligor are ***not affected*** by an order

6    assigning the right to payment ***until notice of the order is received*** by the obligor."

7    (Emphasis added.)  That section also contemplates that an obligor is a party who may

8    (or may not) be obligated to make payments to a judgment debtor, which by its very

9    language suggests that a determination as to whether an obligor actually owes

10   anything to the judgment debtor is reserved for a later stage in proceedings.  See Cal.

11   Code Civ. P. § 708.540 ("'obligor' means the person who is obligated to make

12   payments to the judgment debtor or who ***may become obligated*** to make payments

13   to the judgment debtor depending on future developments"); see also Kracht, 219 Cal.

14   App. 3d at 1021 n.4 (determining that legal malpractice claims were not assignable).

15   Accordingly, notwithstanding the concededly scant evidence presented by Plaintiffs in

16   support of their argument that these oil companies are, in fact, obligors, Plaintiffs'

17   motion for assignment orders against Shell Oil and the other oil companies is

18   warranted at this stage under the relevant California statutory authority.[3]

19

20

21

22

_____

23   [3]As to Nippon Oil's various arguments against granting the assignment order – namely, that it allegedly does not owe Iran any money (and accordingly is not an obligor), that the Court lacks

24   the ability to assign assets existing outside of the U.S., or that the FSIA provision relied upon by Plaintiffs does not contemplate Plaintiffs' requested relief – the Court finds that such merits-

25   based defenses are premature at this stage given that an obligor's rights are not affected until an assignment order is issued and notice of that order is received by the obligor.  Cal. Code Civ.

26   P. § 708.540. Moreover, as Nippon Oil has not yet moved to intervene, the Court should not even entertain its arguments.  (See Nippon Response at 6 (acknowledging that Nippon is a non-

27   party and may later move to intervene); see also Order re: Repsol Motion to Dismiss (issued concurrently herewith).)

28

**III.**

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for an assignment of rights against certain oil companies is **GRANTED**.

**IT IS HEREBY ORDERED** that pursuant to Rule 69(a)(1) and California Code of Civil Procedure § 708.510(a), the ISLAMIC REPUBLIC OF IRAN, et al. is hereby **ORDERED** to assign to Plaintiffs any and all rights to payment of money, accounts, accounts receivable, or contract rights, which arise from, directly or indirectly, the sale of oil, petroleum products, natural gas, petroleum and natural gas byproducts, in which these products, and each of the same, are sold to ROYAL DUTCH SHELL (THE NETHERLANDS).

**IT IS FURTHER ORDERED** that the ISLAMIC REPUBLIC OF IRAN, et al. is hereby **ORDERED** to assign to Plaintiffs any and all accounts, accounts receivable, rights to payment of money, residual accounts, deposits, streams of income, revenue streams, or residual rights thereunder, due from the following companies: TOTAL S.A.; SINOPEC; NIPPON OIL COMPANY; REPSOL YPF, S.A.; and ENI S.p.A.

Nothing in this Order alters, affects, predetermines, prejudices, or preadjudicates any rights, claims, defenses, privileges, or entitlements due and in favor of the aforementioned Oil Companies in any action, proceeding, undertaking, demand, or claim asserted by Plaintiffs under and pursuant to the terms and conditions of this Order, and all such rights, claims, defenses, privileges, or entitlements due and in favor of the Oil Companies are hereby preserved.

IT IS SO ORDERED.

DATED:  July 7, 2008

_____
Judge Gary Allen Feess
United States District Court

7